IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 17-cv-02359-RBJ

LESLIE B. LILLY and DAVID H. WOLLINS,

    Plaintiffs,

v.

BANK OF AMERICA, N.A.,

    Defendant.

## ORDER ON MOTION TO DISMISS

This matter is before the Court on defendant Bank of America, N.A.'s (BANA) motion to dismiss plaintiffs' complaint.[1] ECF No. 9. For the reasons stated below, the motion is DENIED.

## I. BACKGROUND

In June 2004, Plaintiff Leslie Lilly obtained a loan from Countrywide Home Loans, Inc. (Countrywide), BANA's predecessor-in-interest. ECF No. 13 at 1. Ms. Lilly secured the loan by her Miami, Florida home.[2] ECF No. 13 at 1. To protect her property against hazards, the loan required Ms. Lilly to continuously maintain property insurance according to such terms and against such hazards as the lender may require. ECF No. 28 at 3–4. Prior to the loan closing,

---

[1] The Court granted plaintiffs' unopposed motion for leave to file amended complaint. ECF No. 30. As far as the Court can tell, the amended complaint, ECF No. 28, contains the same contract claim as the original complaint. The only difference between the amended complaint and the original complaint is that plaintiffs conceded that the rest of their claims are time-barred. Therefore, because the time-barred claims are omitted from the amended complaint, the Court will rule solely on the contract claim.

[2] Plaintiff Leslie Lilly and Plaintiff David Wollins are married. However, Mr. Wollins's role in the loan process is unclear. The Court first found out in the amended complaint that Mr. Wollins signed the mortgage (but not the home equity credit line agreement note), and he is now a party to the case. Yet, both the original complaint and the amended complaint refer to Ms. Lilly has the sole debtor, so the Court will do the same. *See* ECF No. 28 1–2.

Ms. Lilly provided a copy of the policy to Countrywide for review. *Id.* at 3. The insurance policy insured the home for $1,633,889. *Id.* Ms. Lilly asserts that Countrywide represented to her that this homeowner's insurance policy would satisfy the loan's hazard insurance requirement, and further stated that Countrywide represented that it would never require her to purchase additional coverage including wind and hurricane protection. *Id.* at 2. Ms. Lilly states that she adhered to this requirement by maintaining proper and adequate insurance coverage for the entirety of the loan, and Countrywide apparently never objected to her insurance policy. *Id.* at 2–3.

Sometime after BANA acquired the loan from Countrywide, BANA sent written notices to Ms. Lilly directing her to purchase additional property insurance to protect against wind and hail. *Id.* at 4. The letters notified Ms. Lilly that BANA may exercise its option to purchase the additional insurance at Ms. Lilly's expense should she fail to act. *Id.* According to the amended complaint, BANA purchased additional hazard insurance (with an annual premium of $55,000 per year) without Ms. Lilly's permission or knowledge. *Id.*

In September 2015, Ms. Lilly paid the loan balance in full. *Id.* at 4. When she called BANA to pay off the loan, she learned that the principal on the $500,000 loan was actually $787,000, which meant that BANA had apparently exercised its right to force-place insurance. *Id.* at 4–5. Until September 2015, plaintiffs argue that they were unaware that BANA purchased additional hazard insurance. *Id.* at 4. Instead, plaintiffs state that BANA simply threatened to purchase additional insurance and further argue that because BANA did not increase Ms. Lilly's monthly payments and did not otherwise demand additional payment, plaintiffs were not harmed financially until September 2015. *Id.*

BANA's motion to dismiss rests solely on statute of limitations grounds. ECF No. 9 at 1. BANA argues that plaintiffs have been aware that BANA purchased additional hazard insurance since at least 2009. *Id.* at 8–9. In 2009, Mr. Wollins wrote a letter to BANA stating that Countrywide debited Ms. Lilly's account two times for insurance.[3] ECF No. 5-1 at 6, Ex. 4. BANA further argues that plaintiffs were aware of the force-place insurance because plaintiffs disputed the numerous written notices from BANA that demanded plaintiffs obtain additional insurance coverage. ECF No. 9 at 9.

In response, plaintiffs contend that they were unaware BANA actually exercised its right to force-place insurance until September 2015. ECF No. 28 at 4. Therefore, plaintiffs argue the statute of limitations began to accrue in September 2015. *Id.* With a three-year statute of limitations, plaintiffs argue their lawsuit is not time-barred.

Ms. Lilly filed suit in Denver District Court on August 30, 2017, because she believed that BANA unlawfully executed its right to force-place insurance. ECF No. 13 at 3. BANA removed the case to federal court on September 29, 2017. ECF No. 1. BANA subsequently filed a motion to dismiss on October 6, 2017, arguing that the applicable statute of limitations precluded all ten of Ms. Lilly's original claims. ECF No. 9 at 1. Ms. Lilly responded to the motion to dismiss on October 27, 2017, where she agreed to drop each of her claims minus the breach of contract claim. ECF No. 13 at 7. BANA submitted a reply brief on November 9, 2017. ECF No. 15. On August 27, 2018, plaintiffs submitted an unopposed motion for leave to

---

[3] Mr. Wollins's May 21, 2009 letter to BANA concerns "issues arising out of and related to Countrywide's debiting of my wife's loan account, two times, each in the amount in excess of $3,000 for insurance (which insurance my wife had carried throughout the course of this loan and had never lapsed)." ECF No. 5-1 at 6. Other than a brief mention of this letter in the motion to dismiss, BANA focuses almost entirely on plaintiffs' later objections to the threats of force-place insurance. In fact, plaintiffs didn't mention this letter in their response brief or amended complaint and neither did BANA in its reply. Therefore, without more context, the Court focuses on BANA's main argument: whether BANA's written threats and demands to purchase additional insurance triggered the statute of limitations.

file amended complaint. ECF No. 28. In the same motion, plaintiffs stated that both parties agreed that Plaintiff Wollins should be added as a plaintiff in the case. *Id.* The Court granted the motion on August 29, 2018. ECF No. 30. Despite the amended complaint, the Court will rule on the motion to dismiss because the contract claim in the amended complaint is essentially the same as in the original complaint.

## II. STANDARD OF REVIEW

To survive a 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), conclusory allegations are not entitled to be presumed true. *Iqbal*, 556 U.S. at 681. However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See, e.g.*, *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

## III. ANALYSIS

After reviewing BANA's well-drafted motion to dismiss, plaintiffs have one claim remaining: breach of contract. ECF No. 28. BANA's sole argument in its motion to dismiss is that the breach of contract claim is time-barred by the applicable statute of limitations. ECF No. 9 at 8–9. Under Colorado law, all contract actions "shall be commenced within three years after the cause of action accrues . . . ." Colo. Rev. Stat. § 13-80-101(1)(a). The issue in this case is

4

when the cause of action for the breach of contract began to accrue. In Colorado, a "cause of action for breach of any express or implied contract [or] agreement . . . shall be considered to accrue on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence." *Id.* § 13-80-108(6). Finally, the Court notes that "[w]hether a statute of limitations bars a particular claim is a question of fact." *Trigg v. State Farm Mut. Auto. Ins.*, 129 P.3d 1099, 1101 (Colo. App. 2005). "However, if undisputed facts demonstrate that the plaintiff had the requisite information as of a particular date, then the issue of whether the statute of limitations bars a particular claim may be decided as a matter of law." *Id.*

The contract at issue in this case originated in 2004, when Ms. Lilly agreed to a home equity line of credit from Countrywide. ECF No. 28 at 2. During negotiations, Countrywide allegedly represented that Ms. Lilly's existing insurance policy would be adequate throughout the duration of the loan and that Countrywide would never require Ms. Lilly to purchase additional hazard insurance. *Id.* In reliance upon Countrywide's express representations, Ms. Lilly opened a home equity line of credit with Countrywide. *Id.* The language of the loan said that the borrower must maintain property insurance to include flood damage.

However, despite the oral representations, the loan note and mortgage both contained a catchall clause. The agreements stated that the property must be insured according to such terms as the lender may require and against any other hazards the lender may specify. *Id.* at 3. Regardless of the catchall clauses, according to the actions and verbal commitments from Countrywide, Ms. Lilly's homeowner's insurance policy was adequate for Countrywide. *Id.* Indeed, Ms. Lilly's property insurance satisfied Countrywide for nearly eight years; it wasn't until BANA acquired the loan from Countrywide that the catchall clauses came into play. So, when BANA purportedly altered the verbal agreement between Ms. Lilly and Countrywide by

5

purchasing additional insurance, plaintiffs allege BANA breached the contract and breached the duty of good faith and fair dealing.  *Id.* at 5–6.

BANA argues that the three-year statute of limitations started to run, at the latest, in 2012 when Ms. Lilly received written notice demanding she purchase additional insurance coverage.  ECF No. 9 at 4.  By BANA's count, plaintiffs should have filed their complaint no later than 2015.  Therefore, by filing in 2017, plaintiffs were two years too late.

Plaintiffs agree that the insurance issues in this case arose in 2011 after BANA acquired the loan from Countrywide.  ECF No. 13 at 2.  In June 2012, BANA mailed a letter to Ms. Lilly stating that the property was not insured against wind and hail, and that if she failed to purchase the additional insurance, BANA had the right to purchase it on her behalf.  *Id.*  Plaintiffs contend that the threats to force-place additional insurance were just that—threats.  *Id.*  At no time, according to the amended complaint, did BANA increase the amount of Ms. Lilly's monthly payments or otherwise demand payments for additional insurance.  ECF No. 28 at 4.  Therefore, it wasn't until September 2015 that plaintiffs were aware that BANA had actually purchased additional insurance and charged plaintiffs $55,000 per year.  *Id.*  In fact, to this day, plaintiffs contend that they have no proof, in the form of monthly statements, that BANA actually purchased the additional hazard insurance.  ECF No. 13 at 2–3.

Based on the well-pled allegations of the amended complaint, the Court must deny BANA's motion to dismiss.  In so ruling, the Court makes no judgment of the merits of the underlying case.  Rather, the decision to deny the motion to dismiss rests solely on the factual dispute as to the date of accrual.  The Court is not convinced, especially in light most favorable to the plaintiffs, that the "undisputed facts demonstrate that the plaintiff[s] had the requisite information" prior to September 2015.  *Trigg*, 129 P.3d at 1101.  Ms. Lilly protested BANA's

threat of force-place insurance and "heard nothing more about the matter" for several years. ECF 13 at 7. Of course, a reasonable juror might find that plaintiffs did discover or should have discovered the breach of contract prior to paying off the loan in 2015, but it's far from a sure thing, especially because the amended complaint states that Ms. Lilly's monthly payments never reflected additional insurance coverage. ECF No. 28 at 4. And, a jury may find that plaintiffs' failed to exercise reasonable diligence in discovering the breach of contract (if there was a breach) or in discovering the actual purchase of additional insurance, but these factual issues are for the jury to decide. Based on the face of the complaint, plaintiffs have met their burden under Rule 12(b)(6).

## ORDER

For the reasons above, the motion to dismiss [ECF No. 9] is DENIED.

DATED this 31st day of August, 2018.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge